# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 18-0121-WS |
| ) | |
| MARK ANTHONY CALDWELL, ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter comes before the Court on defendant Mark Anthony Caldwell's Motion to Suppress (doc. 16). The Motion has been briefed and is now ripe. The Court takes the Motion under submission without an evidentiary hearing.[1]

The Indictment (doc. 1) charges Caldwell with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The subject firearm was seized from an apartment on St. Stephens Road in Mobile on March 20, 2018, when law enforcement officers executed a search warrant signed by Mobile County District Judge Jill Phillips on March 12, 2018. The warrant found probable cause to search the apartment for crack cocaine and drug paraphernalia. (Doc. 16-1, at 2.)

---

[1] "Where a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion." *United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000) (citation omitted); *see also United States v. Horne*, 2006 WL 2668919, *5 (11th Cir. Sept. 18, 2006) (district court properly decided motions to suppress without a hearing because "Horne's motions presented issues of law, not fact," and "[n]either motion raised a disputed issue of fact that required resolution in an evidentiary hearing"). In the briefing schedule for Caldwell's Motion, the Court indicated that an evidentiary hearing would not be set as a matter of course, and that "[t]o the extent that either side believes a hearing is necessary or appropriate, it must set forth a particularized explanation for this belief in its memorandum." (Doc. 17.) No such showing has been made. Review of the Motion reveals no disputed facts or credibility challenges; rather, the Motion turns on the validity of the search warrant. Accordingly, the Motion is taken under submission solely on the parties' written filings.

The Motion to Suppress is predicated on defendant's contention that the warrant signed by Judge Phillips "contains **no factual basis** to support the issuance of the warrant." (Doc. 16, at 1.) Defendant reasons that the search warrant "is unconstitutional on its face because it does not contain any evidence to support a finding of probable cause," such that no reasonable police officer could have relied on it. (*Id.* at 2.) In advancing this argument, defendant seeks to exploit the fact that two pages of the search warrant affidavit were missing from the discovery provided by the Government. In particular, the copy of the affidavit furnished in discovery recites the place to be searched, the objects of the search, and the grounds for the search, then begins the fact section. The first few lines of the fact section identify the affiant and begin describing his background in law enforcement, including a partial sentence at the bottom of the first page reading, "Before then I was with Satsuma Police Department from 2007 until 2013 where I was a Corporal and." (Doc. 16-1, at 1.) That fact section does not continue on the next Bates-stamped page; rather, the remainder of the search warrant affidavit (including the bulk of the recitation of facts providing probable cause and even the affiant's signature block) is simply not there. The next Bates-stamped page in the record is the warrant itself, as signed by Judge Phillips. (Doc. 16-1, at 2.) Obviously, then, a significant portion of the search warrant affidavit was missing from discovery.

Upon investigation, the Government discovered that those same pages of the search warrant affidavit are missing from the court file maintained by the Mobile County Clerk of Court's Office, as well as the files maintained by the Mobile County District Attorney's Office. (Doc. 24, at 2-3.) To reconstruct the complete affidavit, the Government requested that the original affiant, Detective Jonathan Forister of the Prichard Police Department, review his computer files to retrieve a saved copy of the search warrant affidavit he submitted to Judge Phillips. Detective Forister did so, producing a three-page complete search affidavit that he avers "is the same document [he] submitted to Judge Phillips for her review, and the same document she approved and signed." (Forister Aff. (doc. 24-2), at 2.) This document unquestionably contains specific, detailed facts to support a probable cause finding for issuance of the search warrant, including the following: (i) within the previous 72 hours, a reliable confidential informant notified the affiant that he/she had seen a large amount of crack cocaine at the subject apartment within the last 72 hours; (ii) the informant indicated that, while inside the residence, he/she had observed Caldwell in possession of the crack cocaine; (iii) the informant

further stated that he/she had known Caldwell for some time, and that Caldwell stayed at this location and sold crack cocaine from there on a regular basis; (iv) according to the informant, Caldwell regularly kept crack cocaine at the apartment, as well as a small quantity on his person; and (v) the informant reported that he/she had also observed Caldwell in possession of a handgun on his/her most recent visit to the apartment. (Forister Aff., Exh. 2 at 2.) The search affidavit further reflected that Caldwell had been arrested on multiple previous occasions for drug offenses, and that the confidential informant had a history of providing accurate information that had helped officers in the arrest and conviction of multiple offenders. (*Id.* at 3.)

The complete search affidavit appended to Detective Forister's Affidavit plainly contains a sufficient factual predicate to support issuance of the search warrant. Caldwell has not argued, and cannot reasonably argue, otherwise. Nor is there any factual basis in the record for contesting Detective Forister's averment that this document is identical to the original search affidavit he presented to Judge Phillips on March 12, 2018. The only legal question remaining is whether this saved copy of the search affidavit may be properly considered in evaluating the constitutionality of the search warrant. The Court answers this question in the affirmative. Binding precedent holds that "the failure to file and preserve a supporting affidavit in the clerk's office … does not invalidate an otherwise proper search warrant." *United States v. Lambert*, 887 F.2d 1568, 1571 (11th Cir. 1989). Although "the absence from the court records of an affidavit constitutes some evidence that one did not exist …, other evidence may be presented to establish the fact that an affidavit was presented, as well as its contents." *Id.* at 1571-72.[2] Here, the Government has presented such "other evidence," in the form of the Forister Affidavit, to

---

[2] *See also United States v. Pratt*, 438 F.3d 1264, 1270 (11th Cir. 2006) (where the Government lost the search warrant, "[w]e hold that other evidence of a search warrant's existence and descriptive language may be used in a suppression hearing to prove that a search was conducted with a warrant that particularly described the place to be searched and the persons or items to be seized"); *United States v. Gibbs*, 421 F.3d 352, 358 (5th Cir. 2005) ("a lost supporting affidavit does not invalidate a warrant if competent evidence exists to prove the affidavit's contents"); *United States v. Towne*, 997 F.2d 537, 543 (9th Cir. 1993) (opining that the *Lambert* analysis "is difficult to fault," and touting its "sensible approach to the problem of a missing document"); *Newsome v. City of Newark*, 279 F. Supp.3d 515, 525 (D.N.J. 2017) ("where the contemporaneous record of an application for an arrest warrant is missing because of accidental error, the Court can use extrinsic evidence to reconstruct the contents of the affidavit and decide whether such contents gave rise to probable cause").

demonstrate both that a complete search affidavit was presented to Judge Phillips at the time the search warrant was issued, and that the contents of that affidavit were sufficient to support a determination of probable cause.

Defendant has advanced neither legal argument nor factual dispute to cast doubt on the Government's evidence that a complete search affidavit was in fact presented to the issuing magistrate, and that the contents of that affidavit met the constitutional threshold for issuance of a valid search warrant. Pursuant to the *Lambert* line of authorities, then, the search warrant is valid, notwithstanding the absence of two pages of the search affidavit from state-court files, because the Government has submitted sufficient extrinsic evidence to support both the fact and the contents of such affidavit.

For all of these reasons, the Motion to Suppress is **denied**.

DONE and ORDERED this 30th day of July, 2018.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE